UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT ASSOCIATION, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ADVISORY BOARD COMPANY, ROBERT W. MUSSLEWHITE, and MICHAEL T. KIRSHBAUM,<br><br>        Defendants. | Civil No. 1:17-CV-01940-RC<br><br>CLASS ACTION |

ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES AND AWARDS TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)

This matter having come before the Court on May 6, 2020, on the motion of Lead Counsel for an award of attorneys' fees and litigation expenses (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated December 6, 2019 (the "Stipulation"), and all capitalized terms used herein, but not defined, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. There are no objections to the Fee Motion by Class Members.

4. The Court hereby awards Lead Counsel attorneys' fees of 25% of the Settlement Fund (or $1,875,000), plus expenses in the amount of $29,800.75, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

5. The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation and, in particular, ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

6. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $7,500,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b) over 23,500 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $60,000, plus interest on both amounts;

(c) Lead Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Lead Counsel has expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e) Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(f) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h) Lead Counsel has devoted over 1,850 hours, with a lodestar value of over $1.1 million to achieve the Settlement;

(i) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(j). the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the D.C. Circuit.

7. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $997.25 and $1,740.00 to Lead Plaintiffs City of Atlanta Firefighters' Pension Fund and City of Atlanta Police Officers' Pension Fund, respectively, for the time they spent directly related to their representation of the Class.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

DATED: 5/6/2020

THE HONORABLE RUDOLPH CONTRERAS
UNITED STATES DISTRICT JUDGE